UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA M.,[1] <br> Plaintiff <br> v. <br> ANDREW M. SAUL, Commissioner of Social Security, <br> Defendant. | Case No. 5:18-cv-01993-GJS <br><br> **MEMORANDUM OPINION AND ORDER** |

## I. PROCEDURAL HISTORY

Plaintiff filed a complaint seeking review of Defendant Commissioner of Social Security's ("Commissioner") denial of her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkts. 12, 13] and briefs addressing disputed issues in the case [Dkt. 21 ("Pl.'s Br.") and Dkt. 25 ("Def.'s Br.")]. The Court has taken the parties' briefing under submission without oral argument. For the reasons discussed below, the Court finds that this matter should be affirmed.

---

[1] Plaintiff's name has been partially redacted in compliance with Fed. R. Civ. P. 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

## II. ADMINISTRATIVE DECISION UNDER REVIEW

On October 9, 2014, Plaintiff filed applications for DIB and SSI, alleging a disability onset date of April 1, 2010. [Dkt. 17, Administrative Record ("AR") 17, 71-72.] The Commissioner denied her claim for benefits on March 10, 2015. [AR 168, 175.] On January 10, 2017, a hearing was held before Administrative Law Judge ("ALJ") James D. Goodman. [AR 56-84.] On June 27, 2017, the ALJ issued a decision denying Plaintiff's request for benefits. [AR 17-31.] Plaintiff requested review from the Appeals Council, which denied review on July 24, 2017. [AR 1-5.]

Applying the five-step sequential evaluation process, the ALJ found that Plaintiff was not disabled. *See* 20 C.F.R. §§ 416.920(b)-(g)(1). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 1, 2010, the alleged onset date. [AR 20 (citing 20 C.F.R. § 416.971).] At step two, the ALJ found that Plaintiff suffered from the following severe impairments: obesity, osteoarthritis, and depression. [*Id.* (citing 20 C.F.R. § 416.920(c)).] The ALJ determined at step three that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. [AR 21 (citing 20 C.F.R. Part 404, Subpart P, Appendix 1; 20 C.F.R. §§ 416.920(d), 416.925, and 416.926.]

Next, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform a reduced range of light work, except she can:

> Stand and walk up to six hours, cumulatively, and sit up to six hours, cumulatively, in an eight-hour work day; lift and carry up to twenty pounds occasionally, ten pounds frequently, occasionally climb, balance, bend, stoop, and crawl, but never climb ropes, scaffolds, or ladders; more than frequently perform complex technical work; and can perform a full range of simple, repetitive work at least at level seven reasoning. [AR 23.]

Applying this RFC at step four, the ALJ found that Plaintiff had no past relevant work. The ALJ, however, found at step five that, considering Plaintiff's

age, education, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, and thus she is not disabled. [AR 30.]

Plaintiff objects to the ALJ's decision of non-disability on four grounds: (1) that the ALJ erred by rejecting the examining opinion given by Dr. Bernabe; (2) that the ALJ failed to incorporate all of her rheumatologic manipulative limitations found by Dr. Bernabe in the RFC finding; (3) that the ALJ erred in evaluating her subjective symptom testimony; and (4) that he erred in evaluating the testimony of her lay witness. [Pl.'s Br. at Dkt. 21.] Defendant responds that the ALJ's decision should be affirmed. [Dkt. 25.]

### III. GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074. The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

### IV. DISCUSSION

**A. The ALJ Did Not Err in Rejecting Dr. Bernabe's Examining Opinion**

First, Plaintiff argues that the ALJ erred in rejecting a portion of Dr. Bernabe's examining opinion limiting Plaintiff's manipulative activities such as handling, fingering, feeling and reaching to an occasional basis. In response,

3

Defendant argues that ALJ properly weighed conflicting medical opinion evidence and formulated an RFC best supported by the weight of the record as a whole. Defendant further argues that the ALJ provided specific and legitimate reasons explaining why he discounted Dr. Bernabe's opinion—reasons that are supported by substantial evidence in the record.

### 1. Federal Law

"There are three types of medical opinions in social security cases: those from treating physicians, examining physicians, and non-examining physicians." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 692 (9th Cir. 2009); *see also* 20 C.F.R. § 404.1527. In general, a treating physician's opinion is entitled to more weight than an examining physician's opinion and an examining physician's opinion is entitled to more weight than a nonexamining physician's opinion. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). "The medical opinion of a claimant's treating physician is given 'controlling weight' so long as it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'" *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (quoting 20 C.F.R. § 404.1527(c)(2)).[2]

An ALJ must provide clear and convincing reasons supported by substantial evidence to reject the uncontradicted opinion of a treating or examining physician. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (citing *Lester*, 81 F.3d at 830-31). Where such an opinion is contradicted, however, an ALJ may reject it only

---

[2] For claims filed on or after March 27, 2017, the opinions of treating physicians are not given deference over the opinions of non-treating physicians. *See* 20 C.F.R. § 404.1520c (providing that the Social Security Administration "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources"); 81 Fed. Reg. 62560, at 62573-74 (Sept. 9, 2016). Because Plaintiff's claim for DIB was filed before March 27, 2017, the medical evidence is evaluated pursuant to the treating physician rule discussed above. *See* 20 C.F.R. § 404.1527.

4

by stating specific and legitimate reasons supported by substantial evidence. *Bayliss*, 427 F.3d at 1216; *Trevizo*, 871 F.3d at 675. The ALJ can satisfy this standard by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating [her] interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)); *see also* 20 C.F.R. § 404.1527(c)(2)-(6) (when a treating physician's opinion is not given controlling weight, factors such as the nature, extent, and length of the treatment relationship, the frequency of examinations, the specialization of the physician, and whether the physician's opinion is supported by and consistent with the record should be considered in determining the weight to give the opinion).

**2. Orthopedic Examining Opinions**

i. <u>Examining Orthopedist – Dr. Schoene</u>

On February 12, 2015, Herman Schoene, M.D. performed a complete orthopedic evaluation of Plaintiff. [AR 421-425.] At the appointment, Dr. Schoene noted that Plaintiff was a "very morbidly obese, well-developed, well-nourished female in no acute distress." [AR 422.] Upon examination, Dr. Schoene noted that Plaintiff had mild tenderness to palpation in both wrists with no swelling. [AR 423.] The range of motion in her hands was within normal limits with no evidence of deformity, swelling, inflammation or tenderness. [AR 423.] When testing her left hand grip strength, Dr. Schoene noted that Plaintiff put forth "poor effort." [AR 423.] Based upon his overall examination findings, Dr. Schoene opined that Plaintiff could lift/carry 20 pounds occasionally and 10 pounds frequently. Her pushing and pulling is limited due to her wrist impairments and she had no postural or manipulative limitations. [AR 425.]

ii. <u>Examining Orthopedist – Dr. Bernabe</u>

Four months later, on July 2, 2015, Vicente Bernabe, D.O. performed a second orthopedic examination of Plaintiff. [AR 467-471.] During the July 2, 2015

examination, Dr. Bernabe found Plaintiff to have tenderness to palpation in her hands and wrists, swelling in the wrists at the proximal and distal interphalangeal joints of the hands, and a lack of approximately 20 degrees of full flexion when she attempted to make a fist. [AR 469.] Plaintiff was, however, able to extend all digits. [AR 469.] Based upon his overall examination findings, Dr. Bernabe, like Dr. Schoene, opined that Plaintiff could lift/carry 20 pounds occasionally and 10 pounds frequently. Plaintiff is able to push and pull on an occasional basis. Plaintiff can walk on uneven terrain and climb ladders, occasionally. Plaintiff can also perform manipulative activities such as fingering, handling, feeling, and reaching on an occasional basis. [AR 471.]

### iii. The ALJ's Findings

In giving some weight to Dr. Bernabe's opinions, the ALJ stated that:

> The claimant attended an orthopedic consultative examination with Vincente Bernabe, D.O. at which she had complaints of bilateral hand and wrist pain as well as bilateral leg, knee, and ankle pain. She told Dr. Bernabe that she was being treated with rheumatoid medications, despite admitting to not taking those medications at her rheumatology appointment just one day prior. It was also noted that she had not received any surgical intervention, did not wear a brace for support, and did not use a cane to ambulate. Dr. Bernabe's examination found the claimant was obese at 262 pounds; in no acute or chronic distress; she could move in and out of the office and around the examination room without the use of any assistive device, her gait was normal without ataxia or antalgia; she had full and painless range of motion in her shoulders and spine; and straight leg raising test were negative in the supine and seated positions bilaterally to 90 degrees. Further, the claimant had swelling, tenderness and decreased range of motion in her wrists and hands, however her basic hand functions were well preserved for fine and gross manipulations, she had some swelling in her knees and ankles; her extremities displayed no cyanosis, clubbing, varicosities, dermatitis or ulcerations; and she had normal strength and sensation throughout. She was diagnosed with rheumatoid arthritis of the hands, wrists, knees, and ankles with decreased range of motion.

Some weight is given to this opinion, as a finding that the claimant was

> limited to work at the light exertional level and only occasional posturals is consistent with the evidence of record as a whole and consistent with Dr. Schoene's prior examination findings that the claimant has some back and wrist limited range of motion and tenderness. However, the undersigned finds that the claimant's rheumatoid arthritis would likely prevent the claimant from safely climbing ladders, and Dr. Bernabe's findings that the claimant's basic hand functions were well preserved for fine and gross manipulation is inconsistent with a limitation of her ability to finger, handle, and feel. [AR 26-27.]

### 3. Analysis

Having reviewed the ALJ's findings and the record as a whole, the Court does not agree with Plaintiff's contention that the ALJ failed to adequately weigh the medical evidence when rejecting portions of Dr. Bernabe's opinion. Contrary to Plaintiff's assertions, the ALJ did not simply disregard Dr. Bernabe's manipulative findings without proper explanation. Instead, the ALJ appropriately rejected the portion of Dr. Bernabe's opinion that was internally inconsistent and outweighed by the weight of the medical evidence. The Court's conclusion in this regard is grounded on three reasons.

First, the ALJ correctly found that Dr. Bernabe's opinion appears to contradict itself. On one hand, Dr. Bernabe explicitly states that Plaintiff's basic hand functions are well preserved in fine and gross manipulations. [AR 469.] On the other hand, despite his affirmative finding that Plaintiff's hands were well preserved for fine and gross manipulations, Dr. Bernabe limited Plaintiff to only occasional fingering, handling, and feeling. [AR 471.] The ALJ found that this inconsistency undermined Dr. Bernabe's findings with respect to Plaintiff's manipulative limitations. This was not error. Contradictory findings by a treating or examining physician are a specific and legitimate reason for rejecting a limitation based on these contradictory findings. *See Hennessey v. Berryhill*, No. 16-15828, 713 Fed. Appx. 557, 2017 U.S. App. LEXIS 20567, 2017 WL 4708356, at *1 (9th Cir. Oct. 19, 2017) (holding that an examining physician's internally inconsistent

opinion was a specific and legitimate reason for rejecting his opinion); *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (contradictory notes and recorded observations were "a clear and convincing reason for not relying on the doctor's opinion regarding [plaintiff's] limited ability to stand and walk.").

Second, when assessing Plaintiff's manipulative limitations, the ALJ gave greater weight to the other medical opinions provided by examining orthopedist Dr. Schoene and the supporting reviewing opinions from Drs. Taylor-Holmes and Kalmar. In weighing the evidence, the ALJ indicated that Dr. Bernabe's examining opinion was generally consistent with Dr. Schoene's examining opinion with the exception that Dr. Bernabe made a contradictory finding with respect to Plaintiff's manipulative limitations. Instead of relying on Dr. Bernabe's questionable manipulative limitation finding, the ALJ relied on the more consistent finding by Dr. Schoene who opined that Plaintiff had no manipulative limitations. [AR 25-26.] The ALJ also summarized the opinions by the two State agency physicians who reviewed the medical record. *See* 20 C.F.R. §§ 404.1527(e)(1), (2), 416.927(e)(1), (2) (describing State agency expertise). Reviewing physician, G. Taylor-Holmes, M.D., reviewed the record in March 2015. [AR 111-16.] Dr. Taylor-Holmes indicated that Plaintiff had "clinically stable exams with [her] current medical regimen," and opined that she had no manipulative limitations. [AR 115-16.] Later, in July 2015, F. Kalmar, M.D., again reviewed the record, including both of the examining physician reports. [AR 142-47.] Dr. Kalmar opined that Plaintiff had greater functional limitation than Dr. Taylor-Holmes but concurred that Plaintiff did not have any significant limitation in the ability to manipulate objects. [AR 146-47.]

The ALJ was entitled to reject Dr. Bernabe's opinion regarding Plaintiff's manipulative limitations as an outlier in favor of the greater weight of the evidence opined by Drs. Schoene, Taylor-Holmes, and Kalmar, all of whom opined that Plaintiff had no manipulative limitations. *Thomas v. Barnhart*, 278 F.3d 948, 957

8

(9th Cir. 2002) ("The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record"). Based on this evidence, the ALJ legitimately concluded that Dr. Bernabe's manipulative limitation finding was unsupported by the other evidence in the record and thus entitled to no weight.

Finally, the ALJ properly found that Plaintiff's inconsistency regarding her compliance with her medication cast doubt on Dr. Bernabe's opinion. The ALJ noted that in the period prior to her examination with Dr. Bernabe, Plaintiff reported that she had a flare up of her symptoms because she had not taken her arthritis medication because "she has been out of town." [AR 26, 485.] Plaintiff, however, indicated to Dr. Bernabe that she was taking multiple medications. [AR 468.] As the ALJ further discussed, there is evidence in the record that, when Plaintiff did take her medication, that her symptoms were under control. [e.g., AR 25, 476.] *See Warre v. Comm'r*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("[i]mpairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for [disability]"). The ALJ was therefore not obligated to fully accept Dr. Bernabe's opinion given that objective medical evidence indicated that Plaintiff was non-compliant with treatment that relieved her symptoms. The Court fails to see how the ALJ could fully rely on Dr. Bernabe's opinion (over other persuasive evidence in the record) when faced with testimony from Plaintiff that she had just recently been without her medication for three and a half weeks.

Overall, the ALJ was tasked with resolving the conflict between the two examining physicians' opinions, which he did by providing specific and legitimate reasons supported by substantial evidence. In doing so, the ALJ weighed Dr. Bernabe's findings against the opinion of the other examining orthopedist and the reviewing physicians and found that Dr. Schoene's manipulative limitation finding was better supported by the record. Ultimately, it is the ALJ's province to synthesize the medical evidence. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1042

(9th Cir. 2007) ("When evaluating the medical opinions of treating and examining physicians, the ALJ has discretion to weigh the value of each of the various reports, to resolve conflicts in the reports, and to determine which reports to credit and which to reject."). Remand is therefore not warranted on this issue.

**B.     Substantial Evidence Supports the RFC**

Plaintiff next argues that the RFC assessed by the ALJ is erroneous because the ALJ failed to account for her manipulative limitations in his assessment. (Pl.'s Br. at 5.] According to Plaintiff, she has been consistently diagnosed with rheumatoid arthritis and its related symptoms including tenderness and swelling in her hands and wrists. Based on this evidence, Plaintiff concludes that the ALJ should have limited her ability to handle and finger.

The ALJ must consider all of the relevant medical opinions as well as the combined effects of all of the plaintiff's impairments, even those that are not "severe." 20 C.F.R. §§ 404.1545(a); 416.945(a); *Celaya v. Halter*, 332 F.3d 1177, 1182 (9th Cir. 2003). "[A]n RFC that fails to take into account a claimant's limitations is defective." *Valentine v. Commissioner Social Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). The ALJ must determine a claimant's limitations on the basis of "all relevant evidence in the record." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

As previously noted, Plaintiff's alleged additional manipulative limitations were contradicted by numerous medical opinions in the record. Specifically, the ALJ declined to include handling and fingering limitations in Plaintiff's RFC based on the majority of physician opinion evidence that concluded that Plaintiff had no manipulative limitations. This was not error. While Dr. Bernabe opined that Plaintiff could handle, finger, and feel on only an occasional basis, he also explicitly stated that Plaintiff's hands were well preserved in fine and gross manipulations. [AR 469.] Given this evidence, the ALJ reasoned that Plaintiff's hand and wrist

impairments precluded her from ever climbing ropes, scaffolds, or ladders but she possessed no other limitations in her ability to handle, finger and feel.

Here, the ALJ assessed an RFC with all of the limitations the ALJ found credible and supported by substantial evidence. There was no requirement that the RFC assessment include limitations unsubstantiated by objective medical evidence or based on subjective symptom allegations that were properly discounted. *Osenbrock v. Apfel*, 240 F.3d 1157, 1164-65 (9th Cir. 2001). Consequently, the Court finds Plaintiff fails to show that the ALJ erred in considering her manipulative limitations in the RFC.

**C.    Plaintiff's Subjective Symptom Testimony**

Plaintiff next argues that the ALJ did not provide clear and convincing reasons for rejecting her subjective symptom testimony. (Pl.'s Br. at 7-8.) In particular, Plaintiff argues that the ALJ's conclusion regarding her inconsistent statement—that she cannot lift a gallon of milk despite earlier testifying that she could lift between 10-15 pounds—is not sufficient.

Where, as here, an ALJ concludes that a claimant is not malingering, and that she has provided objective medical evidence of an underlying impairment which might reasonably produce the pain or other symptoms alleged, the ALJ may 'reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 492-93 (9th Cir. 2015) (*quoting Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)). The ALJ may consider many factors in weighing a claimant's credibility, including (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008).

11

The ALJ found that Plaintiff gave at least two prior inconsistent statements concerning her symptoms. First, the ALJ found that Plaintiff's allegations about how much she can lift was inconsistent with the record. The ALJ explained that while Plaintiff testified that she could not even lift a gallon of milk, in an earlier Function Report Plaintiff stated that she could lift 10 to 15 pounds. [AR 29.] Plaintiff argues that this inconsistency is easily explained away because, as she testified at the hearing, her "lifting capacity decreased in the more than two years that had elapsed between the Function Report and the hearing." (Pl.'s Br. at 8). Despite Plaintiff's argument here, "when the evidence before the ALJ is subject to more than one rational interpretation, [the Court] must defer to the ALJ's conclusion." *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1198 (9th Cir. 2004). The ALJ could reasonably consider that these inconsistent statements were an attempt to exaggerate her symptoms, therefore undermining her credibility. Given this discrepancy, the ALJ could reasonably conclude that Plaintiff's statements were not entirely reliable. *Alonzo v. Colvin*, 2015 U.S. Dist. LEXIS 122298, 2015 WL 5358151 at *17 (E.D. Cal. Sept. 11, 2015) (one inconsistent statement "comprised a clear and convincing reason to discount Plaintiff's credibility").

Moreover, while Plaintiff challenges the ALJ's conclusions about her statements regarding her lifting limitations, Plaintiff fails to address the other inconsistent statement identified by the ALJ. In further finding that Plaintiff's subjective complaints were less than fully credible, the ALJ noted that Plaintiff provided inconsistent reports about her compliance with her medication. [AR 26.] The ALJ noted that on July 1, 2015, Plaintiff reported to her rheumatology office that she had not taken Humira, her rheumatoid medication, for the past three and a half weeks because she was out of town and did not get a refill. [AR 26, 485.] However, the next day on July 2, 2015, Plaintiff reported to examining physician, Dr. Bernabe, that she was currently taking Humira for her rheumatoid symptoms.

[AR 26, 468.] This is an important consideration as a failure to follow treatment recommendations is a valid reason for discounting a claimant's credibility. *Tommasetti*, 533 F.3d at 1039 (ALJ may consider "unexplained failure to seek treatment or to follow a prescribed course of treatment"). These inconsistent statements along with their inconsistency with the objective medical evidence were appropriate reasons to reject Plaintiff's credibility.

///

### D. Lay Witness Testimony

Plaintiff's final argument is that the ALJ improperly disregarded the testimony of her fiancé Adan Rodriguez. (Pl's Br. at 8-11.) The ALJ may consider testimony from lay witnesses such as Mr. Rodriguez because "friends and family members in a position to observe a claimant's symptoms and daily activities are competent to testify as to her condition." *Dodrill v. Shalala*, 12 F.3d 915, 918–19 (9th Cir. 1993) (citation omitted). To reject the testimony of a lay witness, the ALJ must provide "reasons that are germane to each witness." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001).

Here, the ALJ considered Mr. Rodriguez's third-party function report, but rejected it. The ALJ provided three reasons for doing so: (1) Mr. Rodriguez is unlikely to be medically trained to make exacting observations about Plaintiff's medical signs and symptoms; (2) by virtue of his relationship to Plaintiff, Mr. Rodriguez likely has a natural tendency to agree with the symptoms Plaintiff alleges; and (3) his statements reflect the subjective complaints reported by Plaintiff in the Adult Function Report she completed the prior month. [AR 28.]

The ALJ's first two reasons are likely inadequate bases for dismissing third-party testimony. *See Regennitter v. Commissioner of Social Sec. Admin.*, 166 F.3d 1294, 1298 (9th Cir. 1999) (the mere fact that a lay witness is a relative of the claimant cannot be a ground for rejecting the witness's testimony.); *Bruce v. Astrue*, 557 F.3d 1113, 1116 (9th Cir. 2009) ("A lay person, . . . though not a vocational or

medical expert, was not disqualified from rendering an opinion as to how [the claimant's] condition affects his ability to perform basic work activities.").

Nonetheless, the Court finds these errors harmless because the ALJ's last reason—that Mr. Rodriguez's third-party statement essentially mirrored Plaintiff's discredited allegations—is a sufficient reason for rejecting the lay witness testimony. Where, as here, the ALJ gives valid reasons for rejecting Plaintiff's testimony, this is sufficient to support a finding that the lay witness testimony also is not credible. *See Molina v. Astrue*, 674 F.3d 1104, 1122 (9th Cir. 2012) (if ALJ gives germane reasons for rejecting testimony by one witness, the ALJ need only point to those reasons when rejecting similar testimony by a different witness); *Lentini v. Colvin,* No. CV 15-02310-DTB, 2016 WL 4150761 (C.D. Cal. Aug. 2, 2016), *judgment entered,* No. CV 15-02310-DTB, 2016 WL 4161825 (C.D. Cal. Aug. 2, 2016)(If the ALJ gives reasons for rejecting the claimant's testimony that are equally relevant to similar testimony provided by lay witnesses, that would support a finding that the lay witness testimony is similarly not credible.).

For this reason, the Court finds that the ALJ did not err in evaluating the third-party statement of Plaintiff's fiancé.

## V. CONCLUSION

For all of the foregoing reasons, **IT IS ORDERED** that the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

DATED: December 16, 2019

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE